DOC #_____

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: SEP 2 8 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

ALVIN WILLIAMS,                   :

        Plaintiff,            :       05 Civ. 4013   (PAC)

- against -                       :       ORDER

THE CITY OF NEW YORK, ET AL.,     :

        Defendant(s).         :

------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

In this civil rights action brought under 42 U.S.C. § 1983, plaintiff Alvin Williams, an African-American male, is suing the City of New York ("the City") and certain of its police officers alleging false arrest and malicious prosecution. This action stems from an incident on October 27, 2004, in which Williams was searched and arrested by New York City police officers for tampering with physical evidence, possession and sale of a controlled substance, and resisting arrest. The City and its officers claim that Williams was arrested for selling crack cocaine; Williams claims that he was merely standing on a street corner and was unfairly targeted by the defendant officers because of his race. Williams spent four months imprisoned on Rikers Island before prosecutors brought him before a grand jury. The first Grand Jury indicted, and upon re-presentation to a second Grand Jury at Williams's request, the Grand Jury voted a "No True Bill." The criminal case against Williams was dismissed.

The Grand Jury's decisions to indict and subsequently not to indict Williams is central to this case. In light of this, both Williams and the two individual defendants seek release of their grand

jury testimony. In July 2005, prior to the transfer of this case to this Court, Judge Kaplan signed a subpoena duces tecum ordering the District Attorney for New York County ("DANY") to release all witnesses' testimony related to plaintiff's grand jury indictment.[1] Rather than turn over the documents, on August 2, 2005, DANY filed a motion to quash Judge Kaplan's so-ordered subpoena.

DANY asserts two related arguments. First, DANY argues that, as a matter of comity, the parties must first seek disclosure of state grand jury proceedings in the state court with supervisory powers over the grand jury. Second, DANY argues that, even if this Court has the discretion to compel production of the grand jury testimony, it should decline to do so in view of the State's has a compelling interest in protecting grand jury secrecy. Neither argument is persuasive in this case.

The Second Circuit has explained that a district court faced with a request for grand jury minutes must balance "the goal of [a] just result in a judicial proceeding against the countervailing policy of grand jury secrecy." United States v. Sobotka, 623 F.2d 764, 767 (2d Cir. 1980); see also In re Federal Grand Jury Proceedings, 760 F.2d 436, 439 (2d Cir. 1985) (same). While it is true that the "supervising court[] may be best positioned to evaluate the need for secrecy, courts where related civil cases are pending and in which grand jury testimony is sought to be discovered are 'armed with . . . special knowledge of the status of the civil actions." Scheiner v. Wallace, 1995 WL 753931 (S.D.N.Y. Dec. 19, 1995) (quoting Douglas Oil Co. of Calif. v. Petrol Stops Northwest, 441 U.S. 211, 232 (1979)). This specialized knowledge of the case makes the court more able to balance the need for grand jury secrecy against the need for disclosure. The district court has the power to compel the production of grand jury records, see Kymissis v. Rozzi, 1994 WL 376048, at *2 (S.D.N.Y. July 18,

---

[1] The subpoena duces tecum commands the production of "all testimony of all witnesses, including police and civilian witnesses' testimony, resulting in grand jury indictment 05858/04." The enforcement order granted here, however, is more limited.

1994); see also Cruz, 1997 WL 839483, at *2 (same), and should do so if the Court finds that the need for disclosure outweighs the need for secrecy.

In federal civil rights litigation, there is an "overriding policy" in favor of disclosing all relevant information "in the interest of promoting the search for truth." Cruz v. Kennedy, 1997 WL 839483, at *2 (S.D.N.Y. Dec. 19, 1997) (quoting King v. Conde, 121 F.R.D. 180, 187 (E.D.N.Y. 1988) (internal quotations marks omitted)). Clearly the State has a legitimate interest in protecting grand jury secrecy, but this state policy "cannot be permitted 'to frustrate the important federal interests in broad discovery and truth-seeking and the interest in vindicating important federal substantive policy such as that embodied in section 1983.'" Cruz, 1997 WL 839483, at *1 (quoting King, 121 F.R.D. at 187).

The grand jury testimony of Williams and the arresting officers is directly relevant to this case. Williams seeks to prove that the officers arrested, and subsequently imprisoned, him without probable cause, primarily because he is African American. The City seeks to prove instead that the officers did have probable cause to arrest Williams for possession and sale of crack cocaine on the date in question. Thus, there is a strong interest in releasing the grand jury minutes of Williams and the two officers that arrested him on October 27, 2004. Each of these witnesses is now a party in this civil rights action, so there is little secrecy for this Court to protect by refusing to release their grand jury testimony. In light of these facts, the compelling nature of this civil rights action and the parties' interest in obtaining necessary discovery overcomes DANY's general need to protect grand jury secrecy.

In light of the foregoing, it is hereby

ORDERED that DANY's motion to quash is denied, except that the command of the subpoena is modified to compel the grand jury testimony of Alvin Williams (plaintiff herein) and police officers Mongiello and Strucker, each of whom may have testified on two separate occasions.

To the extent that other witnesses testified before the Grand Jury, their testimony remains under seal, absent a more particularized showing that their testimony is relevant in this case. As modified, DANY is directed to comply. It is further ORDERED that, to the extent that grand jury minutes are not currently available, DANY is to locate the court reporter present at the grand jury indictment and have all notes promptly transcribed. The parties to this civil action are to bear all costs.

SO ORDERED

*/s/ Paul A. Crotty*

PAUL A. CROTTY
United States District Judge

Dated:   New York, New York
         September 28, 2005